In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2033

CADLEWAY PROPERTIES, INC.,

*Plaintiff-Appellant,*

*v.*

OSSIAN STATE BANK and RICHARD A. MAGLEY,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:04cv441—**William C. Lee**, *Judge.*

ARGUED JANUARY 8, 2007—DECIDED FEBRUARY 15, 2007

Before EASTERBROOK, *Chief Judge*, and ROVNER and
WOOD, *Circuit Judges.*

EASTERBROOK, *Chief Judge.* Cadleway Properties and
Ossian State Bank filed suits in state court to foreclose
on security interests that Richard A. Magley and several
of his businesses had given to secure loans. The Small
Business Administration, a guarantor on some of these
loans, removed both proceedings, which were consoli-
dated in federal court. The current appeal arises from a
dispute between Cadleway and Ossian State Bank about
which of them is the beneficiary of Magley's guaranty of
a loan to 5620 Industrial Road, LLC. Cadleway is the
creditor, but the district court held that the Bank receives

the proceeds of the guaranty because Cadleway sold the Bank a package of other notes, one of them secured by a mortgage that contains a "dragnet clause." The district court treated this clause, which says that any security granted by the borrower in the future may be applied not only to this loan but also to any other indebtedness to the same lender, as assigning to the Bank all security interests within the dragnet's scope.

On appeal, Cadleway and the Bank debate whether the ruling reflects a correct understanding of Indiana law. Neither side discussed either the district court's jurisdiction to make such a decision (which does not affect the SBA) or our jurisdiction to entertain an immediate appeal. At oral argument, therefore, we directed each side to file supplemental memoranda on the multiple jurisdictional issues that dog this appeal. These have been received, and it is now clear that the appeal must be dismissed for want of jurisdiction.

At least 15 banks, governmental bodies, natural persons, corporations, and limited liability companies are parties to the litigation in the district court. The SBA's rights apparently have been adjudicated, and many (if not all) of the parcels of real estate have been sold at auction. But the district court has not entered a final judgment. Who owes how much to whom remains to be resolved. The lawyers for Cadleway and the Bank saw the controversy about who benefits from Magley's guaranty of the loan to 5620 Industrial Road, LLC, as a discrete dispute, and they asked the court to enter a judgment under Fed. R. Civ. P. 54(b). The district court obliged but did not explain why such a partial final judgment is appropriate. Neither the district judge nor the parties analyzed the relation between this issue and the rest of the litigation, which remains on the district court's docket.

Rule 54(b) allows a district court to enter a judgment that resolves either (i) all aspects of the litigation con-

cerning particular parties, or (ii) all aspects of a discrete controversy within a larger litigation. Cadleway and the Bank agree that the first option does not apply; both Cadleway and the Bank are parties to other aspects of this litigation. Therefore we must decide whether the dispute about who benefits from Magley's guaranty is sufficiently discrete that an appeal now would not lead to duplicate or overlapping appellate proceedings later. See *Horn v. Transcon Lines, Inc.*, 898 F.2d 589 (7th Cir. 1990); *United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211 (7th Cir. 1990).

The answer is no, for a fundamental reason: the district judge has not specified who is entitled to what relief. Cadleway did not begin this litigation in quest of a declaratory judgment about ownership; it wants money from Magley. So does the Bank. Does Magley owe any money on this guaranty? The district court has not decided. It has held so far that whatever Magley owes goes to the Bank rather than Cadleway, but it has not decided whether Magley owes even 1¢; for all we can tell, the lenders may collect in full from other sources and never draw on the guaranty. (This is undoubtedly why Magley himself has not participated in the appeal; he cares about how much he must pay rather than who receives the money.) If Magley does owe something, the amount may be disputed and another appeal will be required. That's why a decision that resolves a dispute about liability while leaving relief to be determined cannot be appealed under Rule 54(b). See *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976). And that's the position these contestants are in. The appeal must be dismissed.

A few additional words may ward off further problems. Even if the district court had specified just how much money Magley owes on this guaranty, a serious question would remain whether the dispute about the guaranty is so linked to the rest of the litigation that appellate resolu-

tion must be deferred. The mortgage and its dragnet clause secure multiple notes, and the obligations on some of those loans appear to remain in dispute. If that's so, then the whole shebang must be resolved before any aspect is appealed.

But resolved in which court? The SBA removed because Cadleway's complaint put in issue the liability of the federal government. A district court may remand distinct aspects of the litigation to state court, even while federal issues are resolved in the federal tribunal. 28 U.S.C. §1441(c). When the federal claim drops out before trial (as it appears to have done), and only the supplemental jurisdiction provides any basis for decision, then remand is presumptively appropriate. 28 U.S.C. §1367(c)(3); *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001). (The requirements of the diversity jurisdiction are not satisfied; only the SBA's interests can account for the presence of this litigation in federal court.)

A district court has discretion to resolve claims under state law even after all federal claims have been resolved, but discretion should be exercised only after thinking through all salient factors. See *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (discussing practice before the enactment of §1367, but stating a principle equally applicable today); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999). As far as we can tell, however, the district court has given no thought to the possibility of remand (nor did counsel until we raised the subject at oral argument); certainly the judge has not explained why it is appropriate to retain a sprawling commercial dispute after the only reason for its removal was quickly and easily resolved. Everyone has simply assumed that, once a suit has been removed, every facet of the dispute is handled in federal court.

Yet if the parties are correct that appellate jurisdiction is appropriate (once Magley's liability, if any, has been

quantified) because this dispute has *nothing at all* to do with the questions that remain open in the district court, then remand is obligatory. The supplemental jurisdiction covers only "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). The claim over which the district court had original jurisdiction is the liability of the Small Business Administration. A dispute utterly unrelated to that subject—indeed, unrelated to the loans that the SBA had guaranteed—does not "form part of the same case or controversy under Article III of the United States Constitution."

Each of the two complaints that have been consolidated in federal court includes many subsidiary disputes, having in common only the fact that Magley was an investor in or proprietor of the borrowers. Permissive joinder under both state and federal practice allows such a collection of loosely related disputes, but this does not imply that they are part of a single case or controversy. And, to repeat, the parties' justification for taking this appeal is that the many loans and security instruments are *not* all part of one big controversy. They may well be wrong, of course; the loans and security interests may be so connected that the only sensible thing to do is decide in one forum who owes how much to whom—though this also would mean that appeal must be deferred until a final judgment has been entered wrapping up the whole case. Before going any further into this litigation, the district court should ensure that it has subject-matter jurisdiction under §1367(a) and, if it does, carefully consider its options under §1367(c).

The appeal is dismissed for want of jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*